NUMBER 13-02-133-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





ERNEST LONGORIA, III , Appellant,



v.



THE STATE OF TEXAS , Appellee.






On appeal from the 36th District Court

of Aransas County, Texas.





O P I N I O N

 Before Justices Yañez, Castillo, and Kennedy (1)

Opinion by Justice Kennedy



 Appellant was convicted of burglary of a habitation by a jury. The judge then assessed his punishment at confinement for
fifteen years and a fine of $5,000.

 Appellant raises two grounds for review (points of error) in his brief, legal (point one) and factual (point two) insufficiency
of the evidence for the jury to convict. The court of criminal appeals has said:

 It is also now beyond dispute that determining the legal and factual sufficiency of evidence requires the implementation of
separate and distinct standards. A legal sufficiency review calls upon the reviewing court to view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 (1979); Mason v. State, 905
S.W.2d 570, 574 (Tex.Crim.App. 1995), cert. denied, 516 U.S. 1051 (1996). In contrast, a factual sufficiency review
dictates that the evidence be viewed in a neutral light, favoring neither party. Clewis v. State, 922 S.W.2d at 134. In
conducting a factual sufficiency analysis, the reviewing court 'does not indulge inferences or confine its view to evidence
favoring one side of the case. Rather it looks at all the evidence on both sides and then makes a predominantly intuitive
judgment . . . .'



Johnson v. State, 23 S.W.3d 1,7 (Tex. Crim. App. 2000).

 Appellant was not arrested at the scene of the burglary. The State's evidence was as follows. The owner of the burglarized
house identified photographs of the property taken from his home. He stated that he had not given appellant permission to
go into his house, nor had he given or sold to appellant certain property which had been removed from his home.

 Mary Ramirez, who was a neighbor of the owner of the burglarized premises (hereinafter the premises), testified to seeing
"a boy" and a female companion at the back door of the premises on the day in question. She called to a policeman who
was nearby and when she did, the male and female began to run. Appellant and a female were seen by Officer Costello
running from the scene of the burglary and he arrested them. He turned the female over to Officer Lopez who took her to
be identified by Ms. Ramirez and took appellant to jail. Mrs. Ramirez identified the female as the one she had seen at the
scene of the burglary. No witness testified to seeing appellant at the premises. 

 An automobile, identified as belonging to the female arrested with appellant was found parked in front of the premises and
was loaded with several items which the complainant testified were his. Appellant did not testify and did not call any
witnesses. 

 The State's evidence would have been stronger if appellant had been taken to Ms. Ramirez for identification. However, the
fact that he was caught fleeing the scene with the person identified as having been at the premises and as the owner of the
car loaded with stolen goods is a circumstance tending to show his participation in the burglary. For purposes of proving
guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative. Hankins v. State, 646 S.W.2d
191, 199 (Tex. Crim. App. 1981). We hold that there was legally and factually sufficient evidence of appellant's guilt
sufficient to justify his conviction. We overrule both points of error and AFFIRM the judgment of the trial court. 

NOAH KENNEDY

Justice

Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 27th day of February, 2003.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).